# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH L. JOHNSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   No. 06 C 5264 |
| | ) |
| JOHN E. POTTER, | ) |
| Postmaster General of the United States, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to transfer and motion to dismiss. For the reasons stated below, we grant the motion to transfer and deny the motion to dismiss.

## BACKGROUND

Plaintiff Kenneth L. Johnson ("Johnson") contends that he was employed by the United States Postal Service ("USPS") from 1985 until he resigned on July 31, 2003. Johnson also alleges that he was rehired by the USPS as a letter carrier in October 2004 and that his employment was subject to a ninety-day probationary period. Johnson claims that the USPS terminated his employment on January 26, 2005, prior to the expiration of his probationary period, on the basis of his race.

Johnson brought the instant action against Defendant John E. Potter, Postmaster General of the United States, and includes a claim alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and a claim alleging violation of 42 U.S.C. § 1981. Defendant moves to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)") and also to transfer venue pursuant to 28 U.S.C. § 1406(a).

## LEGAL STANDARD

Rule 12(b)(3) provides that a party may move to dismiss an action when the action is not filed in a proper venue. Fed. R. Civ. P. 12(b)(3). If a court determines that it is not the proper venue for the action the court is required to dismiss the action or "if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)(stating that a sufficient reason to transfer a case to the proper venue rather than dismissing the case is that the plaintiff will be time-barred from filing a new claim in the other venue).

## DISCUSSION

Defendant argues that the United States District Court for the Northern District of Illinois is not a proper venue for the instant action and that this case should either be dismissed or transferred to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a).

I.  Propriety of Venue in the Northern District of Illinois Under Title VII

Defendant argues that venue in the Northern District of Illinois is not proper. In all actions brought pursuant to Title VII, venue is determined pursuant to the statute's venue provision. 42 U.S.C. § 2000e-5(f)(3). Pursuant to the Title VII venue provision:

> Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Defendant argues that each of the venue provisions of 42 U.S.C. §2000e-5 point to the proper venue as the Southern District of Indiana. Johnson was given until February 21, 2007, to file an answer to Defendant's motions and Johnson has not filed an answer to either the motion to dismiss or motion to transfer. Thus, Johnson has not opposed any of Defendant's arguments. In the instant action, Johnson's allegations against the USPS center on his employment with the USPS in Indianapolis, Indiana. Johnson alleges that he was formerly employed by the USPS in Indianapolis, Indiana. (Compl. Par. 4). In addition, Johnson alleges that he was terminated from his position at the USPS while he was employed by the USPS in Indianapolis, Indiana, (Compl. Par. 4, 13), and the facts indicate that, but for the termination of his employment, Johnson would have continued to work for the USPS in Indianapolis, Indiana. (D. Ex. 1). Finally, Johnson's official employment records,

labor relations records, and EEOC files are housed in the Human Resources Department in Indiana.  Therefore, pursuant to 42 U.S.C. § 2000e-5(f)(3), the proper venue for Johnson's Title VII claim is in the Southern District of Indiana.

II.  Transfer of Venue Pursuant to 28 U.S.C. 1406(a)

Although the instant action may be dismissed pursuant to 42 U.S.C. § 2000e-5(f)(3), Defendant also argues that this court should exercise its discretion and transfer the case to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a). We agree.  Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  We note once again that Johnson has not filed an answer to either the motion to dismiss or to the motion to transfer and, as such, Johnson has not opposed any of Defendant's arguments.  Johnson apparently currently resides in Chicago, IL, but the allegations in Johnson's own complaint indicate that all of the alleged wrongful conduct occurred in the Southern District of Indiana.  (Compl. Par. 2, 4, 13).  In addition, as stated above, the proper venue pursuant to 42 U.S.C. § 2000e-5(f)(3) is in the Southern District of Indiana.  Further, the witnesses and personnel records are located in the Southern District of Indiana.  Johnson has not provided any reason why it would be particularly difficult for him to pursue his claims in the Southern District of Indiana.  The public interest is also served by transferring the action to the Southern District of Indiana.  It is not in the best interest of the public for the USPS employees to be drawn away from their

duties to another location.  Also, Defendant concedes through his memorandum that this court could transfer the instant action to the Southern District of Indiana, where the case can be properly litigated, rather than dismiss the action pursuant to Rule 12(b)(3).  As such, we find that a transfer to the Southern District of Indiana will promote the efficient administration of justice.  Johnson has not filed an answer to the motion to transfer and, as such, has offered no protest to the motion to transfer nor has he offered any reason why it would be an inconvenience for him to pursue his claim in the Southern District of Indiana.  Based on the reasons stated above, we grant Defendant's motion to transfer and deny Defendant's motion to dismiss.

## CONCLUSION

Therefore, we grant Defendant's motion to transfer this case to the United States District Court for the Southern District of Indiana, Indianapolis Division, and deny Defendant's motion to dismiss.  All other pending motions are denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  April 13, 2007